**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN ANTONIO CRUZ-GARCIA, AKA
Juan Anotnio Cruz, AKA Juan Antonio
Cruz,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-71949

Agency No. A070-947-374

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Juan Antonio Cruz-Garcia, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing

Cruz's appeal from an immigration judge's decision denying Cruz's application for

cancellation of removal, asylum, withholding of removal, and relief under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1), and we deny in part and dismiss in part the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in finding that Cruz did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (returnees from the United States "is too broad to qualify as a cognizable social group"); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (returnees with perceived wealth is not a cognizable social group). We lack jurisdiction to review Cruz's claim based on a social group of family, because he did not present it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Substantial

2

evidence supports the agency's conclusion that Cruz otherwise failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Cruz's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Cruz failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Cruz waived any challenge to the agency's denial of his cancellation of removal claim by omitting it from his opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**